**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: January 10 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-36900 |
| | ) | |
| Peggy Wagner, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO STOP SHERIFF'S SALE AND DIRECTING ADMINISTRATIVE CLOSURE OF CHAPTER 7 CASE

The court held a hearing on January 9, 2013, on Debtor's Motion to Stop Sheriff's Sale [Doc. # 26]. Debtor Peggy Wagner appeared in person at the hearing. No creditor or other party in interest appeared at the hearing.

Ms. Wagner is representing herself in this Chapter 7 case, which she filed on October 8, 2010. She received her Chapter 7 discharge on February 16, 2011. Although no creditor, including Fifth Third Bank, has sought abandonment of any assets, the Trustee filed a no asset report. The only reason the case has not been administratively closed, and property including any interest she has in residential real estate, has not been abandoned, is that there remains pending against her a non-dischargeability adversary proceeding relating to credit card debt.

In the interim, Fifth Third Bank has apparently commenced or resumed a foreclosure proceeding on Ms.Wagner's home on Albert Street in Toledo, Ohio. Ms. Wagner often sends documents and letters to the

court, some of them pertaining to the adversary proceeding. The court construed one of the letters dated December 17, 2012, and related paperwork that accompanied it, as a Motion to Shop a Sheriff's Sale apparently being pursued by Fifth Third Bank with respect to the Albert Street property. The court therefore set the letter and related paperwork for hearing, treating it as such a Motion.

At the hearing, Ms. Wagner was very unsure of what was happening to her home or why. She was not able to explain to the court or present documents showing the legal status of any state court proceedings against her home. The status of title to the home and her interest in it is unknown on the record; she reports that her husband is now deceased. Ms. Wagner presented as very upset and understandably concerned about whatever is happening with her home in the state courts, noting that some men had appeared on the property very recently. But the court was not presented with a basis to understand or address the status of any state court proceedings against the property and likewise lacks any basis to enter an order stopping any sheriff's sale. For that reason, the Motion will be denied.

As Ms. Wagner now understands, and the court concurs, she is in dire need of legal representation to help her understand and address these issues. But she reports that she has been informed by several agencies that they cannot help her while the bankruptcy case is ongoing. The court sees no reason that this case cannot now be administratively closed under 11 U.S.C. § 350(a). As evidenced by the Trustee's no asset report, the estate has been fully administered. Ms. Wagner has received her Chapter 7 discharge. The pending adversary proceeding will not affect property of the estate or require the services of a Trustee, and the requested relief is self-contained and limited to the plaintiff. Therefore, although this case would routinely be left administratively open until completion of the adversary proceeding, the court sees no reason it should not be closed if that will facilitate obtaining legal or other assistance by Ms. Wagner.[1]

---

[1]Administrative closing of the case will also effect abandonment from the bankruptcy estate of any interest Ms. Wagner has in the real property at 1231 Albert Street in Toledo, Ohio, 11 U.S.C. § 554(c), and statutory termination of the balance of the automatic stay, 11 U.S.C. § 362(c)(1). To the extent that foreclosure or other proceedings are pending or have been ongoing during the pendency of this bankruptcy case against any interest she has in the property, the court is mystified. In again reviewing the docket to prepare this order, the court notes that neither Fifth Third Bank nor any other creditor has sought relief from stay or abandonment of any real property from the bankruptcy estate. Notwithstanding that she received a discharge terminating the stay as to any in personam actions against her, which are in turn now stopped by the discharge, the automatic stay remains in place as to actions against any interest Ms. Wagner has in real property that became property of her bankruptcy estate. Any such interest has not been abandoned. *See* 11 U.S.C. §§ 362(c)(1); 554. If actions against property have been taken in violation of the automatic stay, those actions may be voidable or even void, *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905 (6th Cir. 1993), or subject to claims under 11 U.S.C. § 362(k). The court has no record from which it can so

**THEREFORE**, good cause appearing,

**IT IS ORDERED** that Debtor's Motion to Stop Sheriff's Sale [Doc. # 26] be, and hereby is, **DENIED, without prejudice;** and

**IT IS FURTHER ORDERED** that the Clerk is hereby authorized and directed to administratively **CLOSE** the within Chapter 7 case under 11 U.S.C. § 350(a).

###

---

determine and no such issues have been properly presented to the court.